IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. |
| ) | |
| KENNETH O. SHOBOLA ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT TO REDUCE TAX ASSESSMENTS TO JUDGMENT

The United States, by and through its undersigned representatives, complains and alleges as follows:

1. The United States brings this civil action to reduce to judgment unpaid federal income tax liabilities owed by Kenneth O. Shobola.

2. This action is authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of Treasury, and is brought at the direction of a delegate of the Attorney General of the United States in accordance with 26 U.S.C. § 7401.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to hear the action pursuant to 28 U.S.C. §§ 1340 (internal revenue laws) and 1345 (United States as plaintiff), and 26 U.S.C. § 7402(a) (render judgments).

4. Pursuant to 28 U.S.C. §§ 1391(b) and 1396, venue is proper in this Court because Shobola resides in Hillsborough County, within this District, and the tax liabilities at issue accrued in this District.

## THE PARTIES

5. Plaintiff is the United States of America.

6. Defendant resides in Lutz, Florida, and is subject to jurisdiction of this Court.

## REDUCTION OF INCOME TAX LIABILITES TO JUDGMENT

7. For income tax years 2003 through 2004, 2007 through 2009 and 2014 through 2015, Defendant filed Form 1040, Individual Income Tax Returns, but neglected or refused to pay the taxes he reported as due.

8. Accordingly, on the dates and in the amounts set forth in the following table, the Internal Revenue Service properly assessed Shobola the federal income tax liabilities he reported:

| Tax Year | Date of Assessment | Amount of Income Tax Assessed |
|---|---|---|
| 2003 | 11/19/2007 | $585,954.00 |
| 2004 | 10/22/2007 | $598,361.00 |
| 2007 | 11/08/2010 | $249,253.00 |
| 2008 | 10/26/2009 | $1,103.00 |
| 2009 | 01/09/2012 | $35,085.00 |
| 2014 | 10/19/2015 | $2,341.00 |
| 2015 | 11/21/2016 | $2,963.00 |

9. A delegate of the Secretary of Treasury properly gave notice of the unpaid income tax liabilities described in paragraph 8 to Defendant and made demand for payment.

10. Despite such notice and demand for payment, Defendant has neglected or refused to make full payment of the taxes due.

11. Together with penalties and interest accrued through August 22, 2018 and reflecting all payments, abatements, and other credits, Defendant owes the United States $1,489,252.56 for the unpaid federal income tax liabilities for tax years 2003 through 2004, 2007 through 2009, and

2014 through 2015. Interest and penalties will continue to accrue until the liabilities are paid in full.

12. Although the United States generally has ten years from the date of assessment to bring a proceeding in court to collect an unpaid tax (*see* 26 U.S.C. § 6502(a)(1)), that period can be tolled. Although the IRS assessed the above-referenced 1040 tax liabilities for tax years 2003 and 2004 more than ten years ago, the collection statute has not expired because Defendant requested several installment agreements and an offer in compromise, which tolled the collection period.

13. The statute of limitations for collection is suspended for an installment agreement during: (1) the pendency of a proposed installment agreement; (2) the thirty days following the rejection of an installment agreement (and if an appeal of such rejection is filed within the thirty days, the period during which the appeal is pending); and (3) the thirty days following the termination of an installment agreement (and if an appeal of such termination is filed within the thirty days, the period during which the appeal is pending). *See* U.S.C. §§ 6331(i)(5), 6331(k)(2)(A), 6331(k)(2)(B), 6331(k)(2)(D), and 6331(k)(3).

14. Defendant requested that the IRS enter into three separate installment agreements on December 19, 2012; March 30, 2015; and December 8, 2015 (collectively, the "Installment Agreements"). The Installment Agreement proposals were pending before the IRS for 42 days, 15 days, and 401 days, respectively, for a total of 458 days. The IRS rejected the taxpayer's request for his third installment agreement on January 12, 2017, tolling the collection statute for an additional 30 days. Together, the events surrounding the Installment Agreements tolled the collection statute for 488 days.

15. Defendant submitted an offer in compromise on October 31, 2017, which the IRS

rejected on April 13, 2018. The collection period was tolled during the time the offer in compromise was pending with the IRS, plus an additional thirty days after its rejection, for total of 108 days. *See* U.S.C. §§ 6331(i)(5), 6331(k)(1)(A), 6331(k)(1)(B) and 6331(k)(3).

16. Defendant's above-described Installment Agreements and offer in compromise tolled the collection period by a total of 596 days. Accordingly, the deadline for the United States to file suit to collect Defendant's unpaid 2003 Form 1040 liabilities is July 8, 2019 (November 19, 2017 plus 596 days). The deadline for the United States to file suit to collect Defendant's unpaid 2004 Form 1040 liabilities is June 10, 2019 (October 22, 2017 plus 596 days). Thus, the suit against Defendant is timely filed.

WHEREFORE, Plaintiff United States of America respectfully prays for the following relief:

A. Judgment in favor of the United States and against Kenneth O. Shobola for federal income tax, penalties, fees and interest for tax years 2003 through 2004, 2007 through 2009, and 2014 through 2015 in the amount of $1,489,252.56, plus statutory additions, fees and interest accruing after August 22, 2018, pursuant to law; and

B. An award of costs in this action and such other and further relief as is just and proper.

Dated: August 24, 2018                    Respectfully submitted,

                                          RICHARD E. ZUCKERMAN
                                          Principal Deputy Assistant Attorney General

                                          By: _____
                                          ELIZABETH N. DUNCAN
                                          Virginia State Bar No. 90685
                                          U.S. Department of Justice
                                          Trial Attorney, Tax Division
                                          Post Office Box 14198
                                          Ben Franklin Station

Washington, D.C. 20044
Telephone: (202) 514-6546
Facsimile: (202) 514-4963
Elizabeth.N.Duncan@usdoj.gov
*Attorney for the United States*

*Of Counsel:*

MARIA CHAPA LOPEZ
Interim United States Attorney
Middle District of Florida

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Kenneth O. Shobola

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Hillsborough
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Elizabeth N. Duncan, Trial Attorney, U.S. Department of Justice
P.O. Box 14198 Washington, D.C. 20044

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | PERSONAL PROPERTY | LABOR | SOCIAL SECURITY | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | IMMIGRATION | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Sections 7401 and 7402 of Title 26 (Internal Revenue Code)
Brief description of cause:
Suit to reduce federal income tax liabilities to judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 1,489,252.56
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE August 24, 2018          SIGNATURE OF ATTORNEY OF RECORD /s/ Elizabeth Duncan

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 11/15)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.