IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 8:18-cv-2132-T-02-SPF |
| KENNETH O. SHOBOLA | ) |
| Defendant. | ) |

## ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT

The Court has before it the Fed. R. Civ. P. 56 Motion for Summary Judgment filed by the United States at docket 21. The Court previously instructed Mr. Shobola on this record to file a response if the motion was opposed. Shobola has filed no response and the motion is therefore deemed unopposed.

In its motion, the United States seeks a judgment against Defendant Shobola for his unpaid federal income tax liabilities for the 2003, 2004, 2007 through 2009, 2014, and 2015 tax years. The motion is backed up by competent declarations showing the amounts sought are in fact due and owing. Accordingly, the Court grants the motion and orders judgment to be

entered against Shobola.

## Undisputed Basis for the Motion and Judgment

Defendant, a pharmacist by trade, filed federal individual income tax returns ("Forms 1040") for the 2003, 2004, 2007 through 2009, 2014, and 2015 tax years. Dkt. 21-3, Greene Decl. ¶7. But he did not pay the amounts assessed.

The uncontested record here shows proper assessments by the Secretary of the Treasury assessed against Defendant are as follows:

| Type of Tax | Assessment Date | Assessed Tax | Assessed Interest | Assessed Penalties |
|---|---|---|---|---|
| 2003 Form 1040 | 11/19/2007 | $585,954 | $182,451.31 | $3,308.08^<br>$126,634.27*<br>$123,820.18** |
| 2004 Form 1040 | 10/22/2007 | $598,361 | $133,123 | $124,427.02*<br>$85,716.39**<br>$52,535.86** |
| 2007 Form 1040 | 11/08/2010 | $249,253 | $32,580.70 | $50,605.20*<br>$34,861.36** |
| 2008 Form 1040 | 10/26/2009 | $1,1103 | $415.48 | $115.81** |
| 2009 Form 1040 | 01/09/2012 | $35,085 | $1,865.50 | $5,485.72*<br>$2,560** |
| 2014 Form 1040 | 10/19/2015 | $2,341 | $36.26 | $9.00^<br>$81.93** |
| 2015 Form 1040 | 11/21/2016 | $2,963 | $72.10 | $52.00^<br>$118.52** |

2

*Late filing penalty
^Estimated tax penalty
**Failure to pay penalty

These amounts are established by the following uncontested sources: Dkt. 21-3, Greene Decl. ¶¶ 7-8; Dkts. 21-1, 21-2, Duncan Decl., Ex. 1 ¶¶ 4, 9, 14, 19, 24, 29, and 34.

Further, the record shows that a delegate of the Secretary of the Treasury gave notice of the assessments to Defendant and made demands for payment as required by law. Dkt. 21-3, Greene Decl. ¶ 9; Dkts. 21-1, 21-2, Duncan Decl. Ex. 1 ¶¶ 5, 10, 15, 20, 25, 30, and 35. The record furthers shows, without contest, that Defendant has failed to pay in full the assessments described in paragraph 2, above. *Id.*; Dkts. 21-1, 21-2, Duncan Decl. Ex. 1 ¶¶ 6, 11, 16, 21, 26, 31, and 36.

According to the Motion, which Shobola did not contest, as of November 1, 2019, Defendant owes $1,588,487.27, plus interest and statutory additions until paid, for his unpaid federal income tax liabilities for the years at issue. Dkt. 21-3, Greene Decl. ¶¶ 10-11.

## Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the Court "view[s] the evidence in light most favorable to the non-moving party." *Fioretti v. CFI Mortgage*, 143 F. App'x 293, 293 (11th Cir. 2005) (citing *Beck v. Prupis*, 162 F.3d 1090, 1096 (11th Cir. 1998)). "A genuine factual dispute exists only if a reasonable fact-finder 'could find by the preponderance of the evidence that the [non-moving party] is entitled to a verdict.'" *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012) (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 252 (1986)). Here, Shobola asserts no factual dispute; the motion is unopposed.

**Analysis**

To reduce a tax assessment to judgment, the United States must show that the assessment was properly made. *United States v. White*, 466 F.3d 1241, 1248 (11th Cir. 2006). The United States makes a *prima facie* case showing that the IRS properly made an assessment through the submission of a Certificate of Assessments, Payments, and Other Specified Matters ("Form 4340"). Dkt. 21-4. *See, e.g.*, *id*.; *United States v. Chila*, 871 F.2d 1015, at 1017-18 (11th Cir. 1989); *George v. United States*, 819 F.2d 1008, 1013 (11th Cir. 1987). It then becomes the taxpayer's burden to prove that the assessment was erroneous in order to prevail. *White*, 466 F.3d at 1248;

*Olster v. Comm'r*, 751 F.2d 1168, 1174 (11th Cir. 1985). Unless a taxpayer shows that the IRS computed a tax assessment arbitrarily and without foundation, the IRS's calculation of the assessment is presumptively correct. *United States v. Rodriguez*, No. 6:17-cv-542-Orl-41GJK, 2018 WL 3489605, at *3 (M.D. Fla. May 3, 2018) (citing *Chila*, 871 F.2d at 1018). Here, the Forms 4340 (self-authenticating per Fed. R. Evid. 902(1)) attached to Revenue Officer Greene's declaration are presumptive proof that the IRS properly made its assessments against the taxpayer. As a result, the burden is on Defendant to prove that those assessments are arbitrary or incorrect. Defendant has not attempted to meet this burden. Defendant voluntarily filed his tax returns for the years at issue, and the IRS then assessed against Defendant the tax he reported on those returns, as authorized by the Internal Revenue Code. *See* 26 U.S.C. § 6201(a)(1) ("The Secretary shall assess all taxes determined by the taxpayer . . . as to which returns or lists are made under this title."). Those assessments—which are based on the taxes Defendant reported on his tax returns—are the liabilities at issue in this matter.

After making the assessments at issue, the IRS gave Defendant notice of the assessments and made demands for payment as required by law.

Defendant, however, failed to pay the taxes assessed against him, nor does he here contest them as sought in this summary judgment motion. According to this uncontested record, as of November 1, 2019, Defendant owes $1,588,487.27 for his unpaid federal income taxes, penalties, and interest for the 2003, 2004, 2007 through 2009, 2014, and 2015 tax years.

In his answer, Defendant disputed the amount of the liabilities against him and demanded an accounting of the unpaid tax liabilities. Dkt. 7. Although the United States' initial disclosures advised Defendant the government was in possession of documents related to this particular affirmative defense, Defendant did not propound any discovery requests to the United States during the applicable time period.

Accordingly, the Motion for Summary Judgment (Dkt. 21) is granted. The Clerk is ordered to enter judgment on behalf of Plaintiff and against Defendant Kenneth O. Shobola in the amount of $1,588,487.27, as of November 1, 2019, plus fees, statutory additions, and interest as provided for by 26 U.S.C. §§ 6621, 6622. The Clerk is directed to issue judgment once the paragraph below is complied with, and thereafter close the case.

Movant/Plaintiff will provide the fees, statutory additions, and interest as

provided for by 26 U.S.C. 6621, 6622 via verified declaration within ten days as provided for.

**DONE AND ORDERED** in Tampa, Florida, this 13th day of December, 2019.

*s/William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record and unrepresented parties